No. 65.—SOLOMON ADKINS, plaintiff in error, *vs.* DOZIER THORNTON, defendant in error. DOZIER THORNTON, plaintiff in error, *vs.* SOLOMON ADKINS, defendant in error.

[1.] Bank charters are held to be contracts and are to be interpreted as contracts.

[2.] Each individual stockholder, by his acceptance of the charter, became a party to the contract, and is bound by all its provisions.

[3.] The stockholders in the Planters' and Mechanics' Bank of Columbus, are liable for the ultimate redemption of all the notes or bills issued by that bank.

[4.] A stockholder in that bank is not liable for the ultimate redemption of all the notes issued by the bank, but each stockholder is liable for such part thereof as bears the same proportion to the entire amount of unredeemed notes, that his stock bears to the capital stock of the bank.

[5.] The creditor may proceed in Equity or at Law to enforce his rights; and the charter does not prescribe the form of action he shall adopt.

[6.] Where the action of debt is referred to in the 11th section, it is referred to only to define and qualify the manner in which the person and property of the stockholder is to be held liable, and not to prescribe a remedy.

[7.] The plaintiff in this case having elected to proceed at Law, his declaration ought to be so framed as to admit all the proof necessary to establish his demand; and there being no averment of the amount of outstanding unredeemed notes, and proof thereof being necessary to make out his case, the declaration is defective.

Debt, in Muscogee Superior Court. Decision by Judge WORRELL, December Term, 1855.

This was an action against Thornton as a stockholder in the Planters' and Mechanics' Bank of Columbus, to compel the redemption of the bills of said bank. Defendant demurred to the declaration of the plaintiff, on the ground that it contained no averment of the amount of the bills of the bank unredeemed and in circulation. The Court sustained the demurrer, and (plaintiff declining to amend) dismissed the action. This decision is assigned as error by the plaintiff.

The defendant, before making this motion, requested of the Court to compel the plaintiff below to answer sundry interrogatories which had been filed in compliance with the Sta-

tute.   The Court refused the motion, and this decision is as-signed as error by defendant.

DOUGHERTY, for Atkins.

H. HOLT and B. HILL, for Thornton.

The Court not being unanimous, the Judges delivered their opinions *seriatim.*

*By the Court.*—McDONALD, J. delivering the opinion.

Whether or not there be error in the decision of the Court below, depends on the nature and extent of the liability of the defendant, as a stockholder in the Planters' & Mechanics' Bank of Columbus, for the ultimate redemption of the bills or notes issued by that bank.   If the defendant is liable, as a stockholder in said bank, for a part of the unredeemed bills or notes issued by said bank, equal in amount to the shares and value thereof, which he holds in said bank, without regard to the aggregate amount of the unredeemed notes, and the notes sued on do not exceed the amount of the shares or the value thereof, however estimated, held by him in said bank, the declaration is good, and ought to be sustained; but if he is liable for such part, only, of said bills or notes as bears the same proportion to the amount in circulation, that the shares and the value thereof, held by him, bears to the capital stock of the bank, then the declaration is insufficient, and there is no error in the judgment of the Court below.   The measure of the stockholder's liability must be determined by his own engagement, as found in the 11th section of the Act incorporating the bank.

[1.] Charters of this description being held to be contracts, are to be interpreted as contracts.   Where an act of incorporation is passed by the General Assembly, it amounts to nothing more, until accepted, than a proposition to contract. Its acceptance makes it a contract.   The acceptance is the

Dozier *vs.* Thornton.

work of individuals. The judgments of individuals necessarily pass upon the proposition before it is accepted, and the acceptance of the proposition by individuals, gives existence to the corporate body, which now has a being, in law, as an artificial person.

[2.] When the charter of the Planters' & Mechanics' Bank was offered to the persons named therein, and other persons who might become stockholders, the 11th section was a part of it, and each individual, no doubt, considered it for himself, as by his acceptance of it, it would become his contract, and he would be bound by all its provisions. The charter must be construed, then, as the contract of the defendant in error, and the 11th section of the charter is a part of it. If he is liable, it is his own voluntary undertaking. Banking institutions have extraordinary privileges granted to them, and from which, if they are uprightly and honestly used, immense profits may be made, with but little prospect of detriment to the community. But revulsions in the commercial world might subject the best managed banks to heavy losses and jeopard the value of their notes in the hands of the people. They have the power of substituting paper for a metalic currency, and, generally, to issue three dollars in paper for one in coin in their vaults. It is right that the community should have some protection against probable losses, beyond what was formerly provided in bank charters; and of late, the Legislature has generally inserted what is usually termed a personal liability clause, which is always a part of the contract of the corporators, or of the persons who become such by their acceptance of the charter.

For the prospects of profit offered by the charter under consideration, the defendant in error has agreed to be bound in proportion to the amount of shares and the value thereof, which he holds in the bank, for the ultimate redemption of the bills or notes issued by the bank; and this defendant and his fellow share-holders are bound for the ultimate redemption of all the notes or bills issued by the bank, and the *bona fide* bill holder has this protection.

It has been insisted, in argument, that if the outstanding circulation should exceed the amount of the capital stock, that the excess over the amount of the capital stock is unprotected, and that each stockholder is liable to the amount of his shares only. There is nothing in the words of the charter, which is the stockholder's contract, to restrict the aggregate, personal, ultimate liability to less than the whole circulation; and there is certainly nothing, in the reason or spirit of it, so to limit it. The object and intent was, to protect the public against loss. Is the public so protected in this case—and what is this stockholder's liability? If the stockholders are all solvent, the public is protected; if they are not, a loss will be sustained on the whole circulation, equal to the part or proportion for which the insolvent stockholders would be bound. Is the defendant in this case liable for the ultimate redemption of all the bills or notes now outstanding, the bank being insolvent? By the plain terms of the charter, which is his bargain with the bill holders, as well as the State, he is not.

[4.] He is bound for a part only, and such part as bears the same proportion to the aggregate amount of unredeemed notes that his stock does to the capital stock of the bank. His is a *several* liability and an *ultimate* liability. He is not bound to make good an insolvent stockholder's part; it is not his contract to do it. He is not bound in the first instance nor in the second instance, on any other debts of the bank, except the bills or notes issued by it.

[5.] The creditor is not restricted to any form of proceeding to enforce his rights. He may proceed in Equity or at Law; and if at Law, he may elect any form of action, appropriate to such a case, which he may deem most convenient and advantageous to him.

The charters of most of the banks which give a remedy against directors for excessive issues of notes, prescribe the remedy. See *Charter of Bank of Augusta, Rule* 15, (*Prince,* 54,) and charters of other banks, (*Prince,* 60, 65, 85, 92, 101, *&c.*) In all these cases the action of debt is given. But in

none of the charters, in which there is a personal liability clause, is the remedy against the stockholder pointed out.. They define the *manner* in which the persons and property of the stockholders are to be pledged and held bound, and some declare it shall be done *in the same manner as* in common commercial cases or simple actions of debt, while others declare, as is the case of the charter of the Planters' and. Mechanics' Bank of Columbus, that they shall be pledged and held bound in proportion, &c. &c. "in the same manner as in common actions of debt." (*Prince's Dig.* 70, 86, 88, 93, 96, *&c. &c. &c.*)

[6.] By accepting the charter, the stockholder agreed that his person and property should be pledged and held bound in proportion, &c. &c. in the same manner as is therein prescribed, and not otherwise. The word "pledge," as used here, is not to be understood or construed to mean a mortgage or a pawn, but it is qualified; and the sense in which it is used, is explained by the words in the subsequent part of the same sentence—" *in the same manner as in common actions of debt.*" How are the persons and property of a debtor pledged and held bound in common actions of debt? The person is liable to arrest on original, *mesne* or final process; and after judgment, his property is liable to be taken in execution and sold. The defendant and his property is pledged and held bound in this manner, and not otherwise.

[7.] In this case, the plaintiff has elected to proceed at Law, and has adopted the action of debt as his remedy. The bank being insolvent, he has a right to recover from the defendant, on the unredeemed notes issued by the bank, a sum which bears the same proportion to the aggregate amount of the unredeemed, outstanding notes, that the stock which he holds in the bank bears to the amount of the capital stock. His declaration ought to be so framed as to admit all the proof necessary to establish his demand, under this rule of the defendant's liability, and there being no averment in the declaration, of the amount of outstanding, unredeemed notes,

proof of which being necessary to make out plaintiff's case, the declaration is bad, and the judgment of the Court below must be affirmed.

LUMPKIN, J. concurring.

I concur on the point on which the Court is not unanimous, for the reasons given by me heretofore, when the same question was before the Court.

BENNING, J. dissenting.

In this case but one point was argued, and but one was decided ; and that was, as to the nature and extent of the liability of a stockholder in the Planters' and Mechanics' Bank of Columbus, under the eleventh section of the charter of that bank.

On this point, the decision of the Court was, in effect, this : "that the aggregate body of stockholders are liable, under the charter, for *all* the bills issued by the bank, and that the liability of each is to be ascertained by this proportion : as the whole stock is to the outstanding circulation, so is each stockholder's stock to his part of the circulation to be redeemed."

From this decision I dissent.   In my opinion, the proportionate liability of each stockholder extends to *each and every* bill of the bank lawfully issued by it, and is to be ascertained

by this proportion: as the whole stock is to the whole of any bill, so is the stock of any stockholder to the part of the bill which he is liable to pay.

As to the stockholders, this proportion is *theoretically* the same, perhaps, as the other. But as to the bill holders, it is very different.

For this opinion of mine, I have stated my reasons in *Lane vs. Harris*, (16 *Ga.* 264,) and in *Robinson et al. vs. The Bank of Darien*, (18 *Ga.* 115.) It would be useless to repeat them in this case.

I have heard nothing in this case to make me distrust their sufficiency.