IN THE MATTER OF THE HOLLISTER BANK OF BUFFALO.

The act to enforce the liability of stockholders in banking corporations (ch. 226 of 1849) subjects each stockholder to a several liability for a ratable share of the debts in proportion to the whole capital stock and the whole indebtedness of the bank, without reference to the solvency of any other stockholder.

When one assessment has been made upon the stockholders for their respective shares of the liabilities of the bank, and has been confirmed, and it remains in force, no second assessment can be made to supply a deficiency resulting from the inability to collect the sums assessed on insolvent stockholders.

APPEAL from the Supreme Court. On the 2d day of September, 1857, the Hollister Bank was declared insolvent, and

a receiver appointed. The receiver proceeded to close up the affairs of the bank, and on the 1st of July and 1st of September, 1858, he made dividends of all the cash in his hands among the creditors according to law. This dividend left $164,038.62 of the debts of the bank, contracted since January 1, 1850, still unpaid. On the 29th September, 1858, the receiver rendered to a justice of the Supreme Court, an account of the debts unpaid, and of his proceedings, with a list of the stockholders, as required by the act of 1849. A reference was ordered according to this act, and an apportionment made upon all the stockholders, of the debts of the said bank, which was confirmed, and entered and docketed as a judgment.

On the 8th September, 1862, the receiver presented another petition to a justice of the Supreme Court, reciting the former proceedings, and stating that certain of the parties assessed by the former apportionment had not paid, and the amounts payable by them were not collectible; that a debt in litigation against The Hollister Bank at the time of the former apportionment, had been established and increased the aggregate debt of the bank, and giving an account of the moneys and property which had come to the receiver's hands, including the proceeds of the former assessment. It appeared by this petition, that the debts still remaining unpaid amounted to $93,149.89.

On the petition, a second reference was ordered and had, and a second apportionment was made upon the stockholders to the full amount of this debt, which was confirmed by the Supreme Court at special term. Certain stockholders or their personal representatives appealed; the order was affirmed at general term, and they appealed to this court.

*Chauncey Tucker*, for the appellants.

*John Ganson*, for the respondent.

EMOTT, J. Section 7 of article 8 of the Constitution of this State declares that "the stockholders in every corporation

and joint stock association for banking purposes, issuing bank notes or any kind of paper credits to circulate as money, after the first day of January, 1850, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts ai d liabilities of every kind, contracted after the said first day of. January, 1850." I do not doubt that it was or would be competent, under this clause of the Constitution, for the legislature to provide for the enforcement, by action or otherwise, of a responsibility by every stockholder of any such corporation or association issuing bank notes, not merely for a ratable proportion, but for the full amount of any debt of the association contracted since January 1st, 1850, to the extent of his stock. Whether, however, the constitutional provision of itself creates a liability upon which an action might have been maintained against any or all the stockholders of such an association, if the legislature had passed no act to carry out that provision, or whether such liability exists, notwithstanding or independent of the act passed to enforce the responsibility of stockholders in these associations, are questions with which we are not at present concerned. The legislature, on the 5th of April, 1849, passed an act to enforce the responsibility of stockholders in certain banking corporations and associations, as prescribed by the Constitution. The proceedings now brought before us were taken under this act, and the only question raised by this appeal is, whether they are conformable to it, or authorized by it. This question is to be decided mainly upon consideration of the statute itself. The provision in the Constitution will, no doubt, show what its framers designed that the legislature should accomplish; but that design, however manifest, cannot be invoked to supply obvious deficiencies in the statute.

The first section of the act of April 5th, 1849 (Laws of 1849, p. 340, ch. 226), is as follows: "Whenever default shall be made in the payment of any debt or liability contracted after the 1st day of January, 1850, by any corporation or joint stock association for banking purposes, issuing bank

notes or any kind of paper credits to circulate as money, after the first day of January, 1850, the stockholders of such corporation or association shall be individually responsible equally and ratably, such responsibility to be enforced, as hereafter provided, and in no other manner, for the amount of such debt or liability, with interest, to the extent of their respective shares of stock in any such corporation or association, as hereinafter provided." Subsequent sections of the act provide for the appointment of a receiver, in case of the insolvency of any banking corporation: for the conversion of its assets into cash: for the payment, in the first place, if necessary, of the bills or billholders; and for a dividend of the surplus, if any, first among the creditors holding debts founded on any liability contracted after the 1st of January, 1850, and if any further surplus remains, then among all other creditors.

The 14th section provides that if, after the declaration of the first dividend, there shall remain unsatisfied any debts of such corporation or association, contracted since January 1st, 1850, the receiver, without waiting for payment of such dividend, shall render to a justice of the Supreme Court an account of such debts, and of all his proceedings, together with a list of the stockholders. The matter is then to be referred to a referee, who, after notice to the parties, is to "apportion the debts of such corporation, contracted after January 1st, 1850, and remaining unsatisfied, among the said stockholders ratably in proportion to their stock," according to the principles of the act, and to make a report to the court. This report is to be examined by the court. It may be modified, or amended, or referred back. After the report is confirmed, it is to be filed in the office of a county clerk, with the order of confirmation, and such order is to be a judgment against each stockholder for the amount assessed, chargeable to him. Provision is made for appeals from orders in such proceedings, and for a new apportionment in case it becomes necessary by reason of the determination upon any such appeal. The money collected upon an apportionment or assessment is to be divided among the creditors, and if any

surplus remains after paying the debts, it is to be paid to the stockholders who were assessed, in proportion to the amounts levied upon them.

The act contains a complete and well digested system for one assessment, without any provision for a second. The contingency of the failure, or inability of a portion of the stockholders to respond to the assessment, although it could hardly have escaped the consideration of the legislature, is not provided for in any way. The apportionment of the debts among the stockholders is directed to be made ratably in proportion to their stock, and a new apportionment or assessment, if made under the direction of the statute, is to correct errors in the first, and not to supply a deficiency in its results.

The general manufacturing law of 1811 (1 R. L., 247, § 7), contained a provision to the effect that, for all debts which should be due and owing by any company formed under the act at the time of its dissolution, "the persons then composing such company shall be individually responsible to the extent of their respective shares of stock in said company, and no farther." This provision has been before the Supreme Court and the Court of Errors in a number of cases. It was held to impose upon the stockholders o such corporation a several and not joint liability, limited only by the amount of their stock. In *Slee* v. *Bloom* (19 John., 456), and *Briggs* v. *Penniman* (8 Cow., 387), the jurisdiction of courts of equity in such cases was asserted to entertain suits by one or more creditors against all the stockholders, to compel them first to pay up their stock, and next to pay an amount equal to their stock, if necessary, to satisfy the prosecuting creditors. Again, in *The Bank of Poughkeepsie* v. *Ibbotson* (24 Wend., 473), an action was sustained at law, brought by one creditor against a single stockholder, to recover his own debt against the defendant, who held stock to an amount more than equal to the debt.

These cases show that the liability of every stockholder in corporations, under the manufacturing act of 1811, was unqualified by the fact that there were other stockholders, or by their

liability to assessment or contribution. If a stockholder had not paid or assumed debts of the corporation to an amount equal to his stock, any creditor could compel payment to that amount, for his own benefit. If either creditors or stockholders brought all the parties into a single action, with the view to an account, both of the debts and those liable to pay them, yet this would not have resulted in a *pro rata* apportionment of the liability, but only in the allowance to every stockholder of the amounts which he had paid or advanced for the company, himself, and the amounts which could be collected from others. (See *Garrison* v. *Howe*, 17 N. Y., 458, where similar reasoning is applied to the liability which is incurred in certain cases under the present general manufacturing law.) The language of the act of 1811, in this respect, is similar to that employed by the act of 1849, now under consideration, except that the latter contains two important qualifications, to be presently noticed. But in the case of the act of 1849, relative to banking corporations, as in the manufacturing act of 1811, the liability of the stockholders to creditors is not a joint, but a several liability. Each stockholder is subject, for himself, to a liability measured and determined by the provisions of the statute, without reference to the case or the responsibility of any other stockholder. Under the manufacturing law of 1811 the only limit to this liability was the amount of the stock of the company, held by the shareholder. Up to that limit, he was severally liable, and could be compelled to pay the debt of any creditor. The act of April 5th, 1849, contains, however, as I have said, two important limitations or qualifications upon the clause creating the liability of stockholders. The stockholders are declared to be responsible for every debt contracted since January 1st, 1850, equally and ratably. As the responsibility of each stockholder is several, the effect of this language is to make each liable for his equal ratable propor-tion of the debt. The effect of the act may be seen by supposing that all the stockholders of this bank had signed a bond or undertaking to any or all the creditors, by which they severally agreed to be responsible, equally and ratably, in

proportion to the amount of their stock, for the debts due by the association to such creditors. It is, I think, sufficiently plain that such an obligation or agreement would impose upon each of the parties to it a responsibility for a proportionate share of the debts. That this rate or proportion has reference to the amount of stock held by each, as compared with the whole stock and the debts, appear from the 16th section of the act. This section directs that the referee to be appointed by the Supreme Court shall apportion the debts of the corporation contracted after January 1st, 1850, and remaining unpaid, among the stockholders, "ratably in proportion to their stock, according to the principles in this act declared." By the 18th section, the referee is directed to ascertain the persons who are chargeable as stockholders, and the amount chargeable to each, according to the rules and principles declared in this act.

This apportionment of liability by the referee, upon the principle of proportion to the stock, when confirmed by the court, becomes the judgment, declaring and enforcing the liability created by the act. There is but one such apportionment and consequent judgment against each stockholder provided for, and but one contemplated by the act. Besides, the clause which has just been adverted to, the responsibility created by this act, is qualified by the provision, which is also contained in the first section, that such responsibility is to be enforced as thereinafter provided and not otherwise, that is only in and by the special proceeding given and regulated by the act. Suits by individual creditors against a single stockholder, such as were sustained under the manufacturing law of 1811, in the case of the *Bank of Poughkeepsie* v. *Ibbotson*, are intended to be cut off by this clause; and the only mode of establishing and enforcing the responsibility of stockholders in these associations is by this special proceeding to which they must all be parties, and in which an account of each with the corporation, for payments made or debts assumed, as well as an account of the ratable portion of stock held by each, is to be taken, and judgment given accordingly once for all. As I have already

said, this proceeding is complete as well as final. The act contains no authority for a second assessment or a second application, and I discover no provisions in the law from which it could be inferred that any such subsequent assessment to make good deficiencies in the collection of the first, was contemplated by the framers of the act. The act provides how a new apportionment is to be made, in case the first apportionment is reversed or so modified as to make it necessary (§ 29), and this express provision is entitled to some weight, as an exclusion of authority to make a second apportionment, while the first remains in force, neither reversed nor modified.

Upon the whole, I am of opinion that the liability imposed by this statute upon the stockholders of banking associations, is a several liability for a ratable and equal share of the debts, in proportion to the whole debts and the whole capital stock, and not a liability to each creditor until he is paid, limited only by the amount of stock held by the stockholder, and that the statute gives no authority or jurisdiction to make more than one judgment, the first apportionment and judgment remaining unreversed.

I am, therefore, of opinion that the order appealed from should be reversed with costs.

All the judges concurring.

Order reversed.