By the Court.—Speir, J.
The suit is brought on the original transaction with the company creating the indebtedness, the failure to pay, the trusteeship of the defendants, default in filing the annual report, and the existence of such default at the time of contracting the indebtedness, as well as at the maturity of the note. In Shaler & Hall Quarry Company v. Bliss, 27 N. Y. 397, Seldem, J., says : “ The true interpretation of the statute, I think, is that three circumstances must concur in point of time to render a trustee liable, viz : the existence of the debt, the existence of the default in making the report, and the trusteeship. Where these *274 concur, the trustee is liable for all debts, if he, was such trustee at the time when the default occurred.
The complaint alleges both the original indebtedness and the recovery of the judgment. ■ Prior to the decision in Miller v. White, 50 N. Y. 137, which was published after the commencement of this action, the question whether an intermediate judgment against the corporation could be used as evidence, and with what effect, was unsettled both in this court and other courts of the State.
The above case has settled for the first time, I believe, that such a judgment was neither prima facie nor conclusive evidence of a debt in an action against trustees, to enforce their individual liability; and hence, evidence of the judgment against the corporation seems to have been excluded on the trial of this case.
I cannot discover, after an attentive examination, that there was any error in the numerous rulings of the learned justice upon the trial, as to the admission and exclusion of the testimony. The sale and delivery of the goods by the plaintiffs to the defendants, were not only clearly shown, but it was proven that the goods were used in the business of the company.
The defendants, moved to dismiss the complaint, on the ground that no proof had been offered that the defendants Studwell, Keese and Husted ever acted as trustees outside of the particular contract presented by the plaintiffs, claiming that it was an acfiqn of the trustees, as such ; and on the ground that it dAd not appear that they ever were re-elected after the yOar expiring March, 1870 ; or that they ever assumed any authority as trustees after that year. The motion was granted, as to Husted—the evidence failing to show that he continued to act as trustee ; and denied, as to Studwell and Keese, on which denial an exception was taken.
The appointment of all the defendants as trustees, in 1869, appears by the filing of the original certificate, *275 and of the continued action on the part of Studwell and Keese, as trustees, during the whole period between the year 1869 and January 20, 1872,' when they filed their report.
By the fourth section of the act, under which the company was incorporated, the office of trustee does not cease with the end of the year for which he was chosen ; but the trustee continues until his successor is elected.
In Deming v. Puleston, 33 Supr. Ct. Rep. 231 (1 Jones & Spencer), this court held that trustees holding over, after the expiration of their terms, (no successors being elected) may be regarded as trustees, so as to render them liable, if after the expiration of their term they continue to act as trustees.
The evidence showing the appointment of all the defendants as trustees, and the continued action, as "such, of the defendants Studwell and Keese, up to January, 1872, was therefore competent for the purpose, and was not contradicted. In Gramson v. Howe, 17 N. Y. 458, Judge Denio clearly states the purpose and wisdom of requiring the annual report. The general object of the law was, beside enforcing the duty of making reports for the benefit of all concerned, to enable parties proposing to deal with the corporation ; to see whether they could do so with safety. If a: subsequent filing should be held good and effectual in discharging the indebtedness, this purpose would be entirely subverted, and the learned judge decides that the debt must have been contracted during a default, or have existed at a time of a subsequent default.
The statute is clear: “If any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be filed.” The liability, when it has once attached, and upon whomsoever it has attached, remains fixed and unalterable.
*276 It was objected that it had not been shown that the defendant, Van Dyke, was authorized by the corporation to purchase goods on credit, and give notes, making the company liable to pay for them. The answer to this is, that it was expressly stipulated by the corporation and trustees, that he and Earle should have the sole control and management of the business; and Van Dyke consulted and advised with them in relation to it. Even if he had no such express authority, the proof is clear that the company had, and used the identical goods. Besides, the note was not paid, and the action proceeds upon the ground of the original transaction of indebtedness, and failure to discharge it. I cannot see that the making of the note, which proved to be valueless in the hands of the plaintiffs,.has .anything’ to do with the question of authority.
The judgment must be affirmed, with costs.
Sedgwick and Van Vorst, JJ., concurred.