## MAINE TRUST AND BANKING COMPANY

### *vs.*

## SOUTHERN LOAN AND TRUST COMPANY, and others.

### Kennebec.     Opinion January 30, 1899.

*Corporations.   Stockholder's Double Liability.   R. S., c. 45, 46, 47; Spec. Laws 1889, c. 443.*

The shareholders of the Southern Loan & Trust Company under its charter granted by the State of Maine, are individually responsible, equally and ratably, and not one for the other, for all contracts, debts and engagements of the corporation to a sum equal to the amount of the par value of the shares owned by each, in addition to the amount invested in such shares.

Upon a creditor's bill to compel stockholders to ratably contribute to the payment of corporate debts under a charter provision making them individually responsible equally and ratably, and not one for another, in a "sum equal to the amount of the par value of the shares owned by each, in addition to the amount invested in said shares", *held; that equity is the most appropriate, if not the exclusive remedy.

In such proceeding, stockholders cannot avail themselves of the defense that the corporation commenced business before one-half of its capital stock had been subscribed for and paid in, in cash, as required by their charter.

It appeared that the loan obtained from the plaintiff, out of which the debt arose and here sought to be enforced, was secured by a mortgage containing full covenants of title of land belonging to the defendant corporation, but subject to prior incumbrances which the plaintiff was compelled to pay off. *Held;* that the defendant's charter creates a liability on the part of stockholders for an amount equal to the par value of stock held by each, if needed to pay corporate debts. *Also;* that this charter liability is separate and distinct from that created by the general statutes pertaining to corporations, (R. S., c. 46, 47) and under which stockholders who have not fully paid for their stock may be, under certain conditions, exempt from personal liability, e. g. when the debt of the corporation is a mortgage debt.

Although the defendant company never exercised all the powers granted by its charter, it bought real estate, borrowed money and executed mortgages, all of which were authorized by it. *Held;* that the stockholder's liability, provided by section 6 of the charter, applied to all "contracts, debts and engagements" of the corporation and is not limited merely to its banking features.

The assets of the corporation must first be exhausted before this personal liability of the stockholder in such a corporation is incurred. *Held;* that

the liability can be enforced by creditors only, and not by the corporation as in the case of unpaid subscriptions; and the liability attaches to all stockholders when judgment has been obtained and the assets of the corporation are exhausted, having no reference to the date of the debt; but that the liability will not be increased if any stockholder shall prove to be insolvent or beyond the reach of process.

Where several of the defendant stockholders appear to have paid to the complainant their ratable proportion of its claim or debt, no decree against them should be entered in favor of the complainant; but as there may be other creditors to whom they may be responsible, a creditor's bill will be retained as against them to meet such contingency.

ON REPORT.

This was a creditor's bill in equity, heard. on bill, answers and proofs, to enforce the liability of the stockholders of the Southern Loan & Trust Company under section 6 of its charter, which reads as follows: "The shareholders of this corporation shall be individually responsible, equally and ratably, and not one for the other, for all contracts, debts and engagements of said. corporation to a sum equal to the amount of the par value of the shares owned by each, in addition to the amount invested in said shares."

Briefly stated, the case is this: The Southern Loan & Trust Company borrowed $14,300 of the plaintiff, giving to it three mortgages to secure the same. After plaintiff had paid off incumbrances on the property, the existence of which was not known by the parties at the time of making the loans and exhausting the collateral security by sales, there remained due to the plaintiff, as appears by the judgment recovered, a balance of $11,875.17, for which it had no security; and it was not denied that the defendant corporation had no assets out of which the debt could be collected.

*H. M. Heath and C. L. Andrews; J. W. Symonds, D. W. Snow and C. S. Cook,* for plaintiff.

Construction and rule of adjustment under § 6: *U. S.* v. *Knox,* 102 U. S. 422, citing *Crease* v. *Babcock,* 10 Met. 525; *Atwood* v. *Bank,* 1 R. I. 376; *Re Hollister Bank,* 27 N. Y. 393; *Adkins* v. *Thornton,* 19 Ga. 325; *Wiswell* v. *Starr,* 48 Maine, 401.

Equity procedure: 2 Morawetz, 2nd Ed. §§ 884 and 897.

Corporation and all shareholders made parties: 2 Morawetz, §

903; *Coleman* v. *White*, 14 Wis. 700; *Pollard* v. *Bailey*, 20 Wall. 525; *Torrey* v. *Little*, 101 U. S. 216. A suit in the nature of a creditor's bill, brought by one creditor in behalf of all is always the proper proceeding to enforce the charter liability of stockholders, in the absence of a statute prescribing a particular remedy. *Umsted* v. *Buskirk*, 17 Ohio St. 113; Thompson, Liability of Stockholders, 353; *Adler* v. *Milwaukee Mfg. Co.*, 13 Wis. 57; *Young* v. *Erie Iron Co.*, 65 Mich. 111; *Griffith* v. *Mangam*, 73 N. Y. 611; *Erickson* v. *Nesmith*, 46 N. H. 371; *Wetherbee* v. *Baker*, 35 N. J. Eq. 506; *Pollard* v. *Bailey*, 20 Wall, 520; *Andrews* v. *Bacon*, 38 Fed. Rep. 777.

That debt is a mortgage debt, immaterial: *Barron* v. *Paine*, 83 Maine, 312, and cases. *Hathorn* v. *Calef*, 53 Maine, 471, is not in point. It simply holds that a general law expressly referred to would govern questions of liability. R. S., c. 46, § 47, does not govern. It gives a remedy exclusively confined to stockholders receiving their stock originally from the corporation. Second holders or takers not liable. *Libby* v. *Tobey*, 82 Maine, 397.

While certain classes of stockholders are liable upon their unpaid stock upon all debts, except those not contracted during ownership and except mortgage debts, the special provisions of the charter in this case impose an additional double liability upon all stockholders for deficits in all debts. *Came* v. *Brigham*, 39 Maine, 35. The double liability of the charter is additional to the liability growing out of failure to pay for stock in full and is to be measured by the stock held. *Root* v. *Sinnock*, 120 Ill. 350, (60 Am. Rep. 558); *Pettibone* v. *McGraw*, 6 Mich. 441; *In re Empire City Bank*, 18 N. Y. 199; *Lewis* v. *St. Charles Co.*, 5 Mo. App. 225; *Preston* v. *Cin. C. & H. R. R. Co.*, 36 Fed. Rep. 54; *McDonnell* v. *Alabama Gold L. Ins. Co.*, (Ala.) 26 Am. & Eng. Corp. Cases, 256.

Stockholders who organize themselves as a corporation, transact business, and hold themselves out to the world as such corporation, cannot in suits to enforce personal liability set up irregularities in organization or otherwise as a defense. Stockholders may be

estopped from denying that requisite capital was paid in.  *Burns*
v. *Beck*, 83 Ga. 471; *Autman* v. *Waddle*, 40 Kans. 195.

   *W. R. Anthoine & T. L. Talbot; G. E. Bird & W. M. Brad-
ley; B. D. & H. M. Verrill*, for defendants.

   1.  The plaintiff corporation is estopped from invoking for its
relief the powers of a court of equity :

   All other powers of the corporation are apparently subordinate
to its power to do business as a trust and banking company, and its
power to hold and mortgage and sell real estate is expressed in a
few lines of a long section in the act, and rather as an incident to
its trust and banking business than otherwise.

   The defendant company in all its business transactions violated
the spirit and for a long time the letter of its charter.  It was
organized apparently to transact the business of a loan and trust
company involving fiduciary relations to the public, and therefore
it was entirely proper that the legislature in granting the charter
should attach to the stockholders the double liability on their stock
which is usual in corporations of that nature.  No one would con-
tend, however, that it was in the contemplation of the legislature
in granting this charter that the corporation should engage only in
speculation in real estate, or that if the charter had been granted
for real estate business exclusively, the stockholders would have
been charged with a double liability for its debts, or without any
liability different from that of stockholders in other similar corpor-
ations.

   2.  The plaintiff cannot prevail because its debt is a mortgage
debt :

   Our contention is that the plaintiff's claim falls within chapter
46, R. S., by the provisions of which the liability of stockholders
for debts of their corporations is restricted to debts which are not
mortgage debts.  That chapter "applies to all corporations organ-
ized by special acts of the legislature or under the general laws of
the state, except so far as it is inconsistent with such special acts,
or with public statutes concerning particular classes of corpora-
tions."  R. S., c. 46, § 1.  And this is emphasized by the provi-

sion of chapter 443, § 1, Private Laws of 1889, chartering the Southern Loan and Trust Company, that said corporation shall be "subject to all duties and obligations conferred on corporations by law except as otherwise provided herein." It is clear that there are no public statutes relating to any particular class of corporations which are inconsistent with said chapter 46 in their application to the complainant's claim. R. S., c. 46 and c. 443, Private Laws of 1889, must therefore be read together. It was held in *Hathorn* v. *Calef*, 53 Maine, 482, that a general act which applied to all corporations created thereafter applied to the corporation involved in that suit chartered by special act, " and controlled the duties of its members as fully as language could make it, though no reference had been made to it in the charter."

It is true that in the special act there is in terms no exception of mortgage debts. But the general statute which "applies to all corporations organized by special acts of the legislature," except so far as it is inconsistent with such special acts, and thus controls the special act under consideration, provides in effect that mortgage debts are not the " debts " of the corporation, or in other words are not its "contracts, debts, or engagements" for which its stockholders are liable. This being so, it is immaterial that the special act does not except mortgage debts. See *Hathorn* v. *Calef*, supra.

It may well be argued that if mortgage creditors should not hold stockholders up to the par value of stock held by them, a fortiori, mortgage creditors should not be allowed to enforce against stockholders a liability up to a sum equal to the par value of their stock, in addition to the sum paid for such stock, as is sought by the plaintiff corporation in this proceeding.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

STROUT, J. · The Southern Loan & Trust Company was chartered by an act of the Legislature in 1889, c. 443.

Among other powers it was authorized " to borrow money, to loan money on credits or real estate or personal security, and to

negotiate loans and sales for others . . . to hold by grant, assignment, transfer, devise or bequest any real or personal property . . . and to hold and enjoy all such estates, real, personal and mixed, as may be obtained by the investment of its capital stock or any other money or funds that may come into its possession in the course of its business and dealings, and the same sell, grant, mortgage and dispose of", except property or money held in trust; and " to do in general all the business that may lawfully be done by a trust or banking company."

The capital stock was fifty thousand dollars, in shares of one hundred dollars each. It was provided in section 5, that the corporation should not commence business until stock to the amount of twenty-five thousand dollars had been subscribed for and paid in, in cash.

Section 6 provided an individual liability of stockholders for debts of the corporation.

On the twenty-second of August, 1889, defendant company borrowed of plaintiff eighteen hundred dollars, for which it gave a note, and as collateral a mortgage upon certain real estate in Denver, Colorado. At this time, only thirteen thousand dollars of stock had been subscribed and paid for. On August twenty-fifth, 1890, defendant company borrowed of plaintiff another sum of sixty-five hundred dollars, for which it gave its note and a mortgage on certain lots in " Wyman's addition to the city of Denver", and on October first, 1890, it borrowed another sum of six thousand dollars of plaintiff, for which it gave its note and a mortgage on other lots in Wyman's addition.

At the time of the two last loans, it appears that defendant company's capital stock had been taken to the amount of twenty-five thousand dollars.

All the mortgages contained warranties of title. They were represented to be first claims upon the property, and taken as such by plaintiff, without examination of the records. An abstract of title to these lots in Wyman's addition, down to March fifth, 1890, was shown plaintiff, by which it appeared that the title at that date was in Wilbur S. Raymond. On that day Raymond con-

veyed them to defendant company.   At the time the mortgages on these Wyman lots were given plaintiff, there was an existing mortgage upon them and other lots for $12,500, given by defendant company to Raymond for part of the purchase money, the entire price being about $18,000.   The existence of this mortgage was unknown to plaintiff, and it did not acquire knowledge of the fact till February, 1894.

To protect its interest in the Wyman lots, plaintiff paid eight thousand seven hundred dollars on June second, 1894, in satisfaction and discharge of that mortgage then existing on those lots. It is admitted that plaintiff has legally sold all the real estate covered by its three mortgages, and that the sum realized therefrom failed to satisfy the three mortgage debts, by the sum of $11,863.15, for which it obtained judgment against the Loan Company on March twenty-seventh, 1896.   The execution thereon was returned wholly unsatisfied.   It is admitted that defendant corporation has no assets.

This is a creditors' bill, to compel the stockholders ratably to contribute to the corporate debts, under the liability provided in section 6, of the charter.   It is resisted upon several grounds.

There is no merit in the suggestion that the remedy is not in equity.   On the contrary, the most appropriate, if not the exclusive, remedy is in equity.   In that forum, the rights of all creditors can be ascertained and adjusted, and the ratable liability of stockholders determined in one suit, without the vexation and expense of multiplied suits at law.   *Pollard* v. *Bailey*, 20 Wall. 521; *Hatch* v. *Dana*, 101 U. S. 205; *Crease* v. *Babcock*, 10 Met. 525; *Mills* v. *Scott*, 99 U. S. 25.

So the objection that defendant corporation commenced business, and made the first loan before twenty-five thousand dollars was subscribed to its capital stock, cannot avail the stockholders. They had control of the corporation, and are responsible for its acts.   They cannot set up the illegal acts of the directors, their agents, to defeat an executed contract of the corporation, within its chartered powers, made with an innocent party, nor to relieve themselves from legal liability as stockholders to such party. *New-*

*comb* v. *Reed*, 12 Allen, 362; *Wiswell* v. *Starr*, 48 Maine, 405; *Perkins* v. *P. S. & P. R. R.* 47 Maine, 573; *Walworth* v. *Brackett*, 98 Mass. 100.

Although the Loan Company never exercised all the powers granted by the charter, they did buy real estate, borrow money and execute mortgages, all of which were authorized by it. The stockholder's liability, provided by section 6 of the charter applied to all "contracts, debts and engagements" of the corporation, and cannot be limited to its banking features. But it is strenuously urged that the complainant's debts were mortgage debts, and that as to them, no liability attached to the stockholders; and reliance is placed upon R. S., c. 46, § 47.

Equity treats the capital stock of a corporation as a fund for the security of creditors. If the stock is not fully paid to par value, and there is a failure of assets of the corporation to pay its creditors, the stockholder may be compelled to make payment upon his stock to its par, if so much is necessary to pay the debts. This liability may be enforced by the corporation, or by the creditors, but it applies only to parties taking the stock directly from the corporation; a purchaser in the market for less than par value is not liable. *Libby* v. *Tobey*, 82 Maine, 405.

This equitable doctrine is now statute law in this state. R. S., c. 46, § 45; Section 47 of the same chapter provides a method for enforcing payment to par, by the subscriber for stock who has paid the corporation less than par; and in the same section makes the exception that "no stockholder is liable for the debts of the corporation not contracted during his ownership of such unpaid stock, nor for any mortgage debt of said corporation."

It may be conceded that this general statute applies to corporations subsequently chartered, unless the charter contains provisions inconsistent therewith. But this section is dealing with unpaid stock only. It applies to the subscriber for stock, and limits the liability to him. The purchaser of stock in the market is not affected. The exemption of mortgage debts cannot be eliminated from the subject matter of the section, and made to do duty as an independent statute to relieve all stockholders, when disaster over

takes the corporation, from the other and different liability imposed by section 6 of defendant's charter.    That liability attaches to all stockholders when judgment has been obtained and the assets of the corporation are exhausted, having no reference to the date of the debt.    The purchaser of stock takes the risk of the business.    If unsuccessful, he must pay its debts to the amount of his stock, in addition to its par value.    The corporation might be in debt, and yet perfectly solvent, when stock is bought.    Subsequent mismanagement or a bad market may render it insolvent.    The then holder of stock, becomes liable, even if the debt existed before he became a stockholder.    *Curtis* v. *Harlow*, 12 Met. 3. Not so with the subscribers referred to in R. S., c. 46, § 47. There he is only liable to make his payment up to par, as to debts contracted while he was owner.    *Longley* v. *Little*, 26 Maine, 165; *Marcy* v. *Clark*, 17 Mass. 330.

But if this were not so, it is clear that the charter provision excludes, as to this corporation, the exemption referred to.    Section 6, of the charter is, "the share holders of this corporation shall be individually responsible, equally and ratably, and not one for the other, for all contracts, debts and engagements of said corporation to a sum equal to the amount of the par value of the shares owned by each, in addition to the amount invested in said shares."

This language is too plain to be misunderstood.    A mortgage debt is as much a debt as any other.    It is true, the mortgage security must be applied to the debt, and the stockholders are liable only for the excess of debt over the collateral.    So must the assets of the corporation be exhausted before this liability is incurred.    It can be enforced by creditors only, and not by the corporation as in case of unpaid subscriptions.

The complainant recovered judgment upon the notes for the excess above the amount realized from the security; but it had paid eight thousand seven hundred dollars to relieve the mortgaged property from a prior incumbrance to Raymond, given by the Loan Company.    If complainant had sued upon the Loan Company's warranty, it would have recovered this amount.    That was not a

mortgage debt within the exception in R. S., c. 46, § 47. *Barron*
v. *Paine*, 83 Maine, 323. It has recovered the same amount in
its suit upon the notes. Equity looks to substance. As to this
amount, it is immaterial whether the suit was upon the notes or
warranty.

The first loan was a mortgage debt of the Loan Company, but
the loss upon the other two loans was not.

To the argument that because subscribers for stock, when called
upon to make their payments up to par, for the benefit of cred-
itors, mortgage debts are excepted, it is a sufficient answer to say,
that this charter made stockholders liable for all debts and con-
tracts, and the promoters accepted that charter, and took their
stock under its provisions, and must be bound by them.

The Maine Trust Company accepted the mortgages without
examination of the title. They relied upon the representation of
the Loan Company that they were first incumbrances, and received
the warranty of that company that the title was perfect. Upon
that warranty complainant had a right to rely. For its breach the
Loan Company was responsible, and in case of failure of its assets,
the stockholders became responsible. They are not released by
the negligence of the Trust Company, nor would they be, if that
Company had had knowledge of the Raymond mortgage, which
the Loan Company was under obligation to satisfy, to avoid breach
of its warranty to the Trust Company.

It follows that all the stockholders of the Southern Loan &
Trust Company, at the time of the judgment and failure of assets,
are ratably responsible for the debts of the Company. That
liability will not be increased if any stockholder shall prove insol-
vent or beyond the reach of process. The cause must go to a
master, to ascertain and report all debts and liabilities of the Loan
Company, and the names of all stockholders, and the number of
shares held by each, and make a ratable apportionment upon each
stockholder for his proportion of the debt due to each creditor,
and report whether there are any and what assets of the corpora-
tion.

The bill must be dismissed as to Charles W. Jordan, administra-

tor of Rachel J. Milliken, the claim against that estate being barred by limitation of statute. As to all other defendants, bill sustained.

It also appearing that certain defendants have paid complainant their ratable proportion of its debt, no decree against them is to be entered; but as there may be other creditors to whom they may be responsible, the bill is retained as against them to meet that contingency.

Bill dismissed as to Charles W. Jordan, Adm'r, and sustained as to all other defendants with costs. Master to be appointed.

*Decree accordingly.*