# Gordon, Secretary of Banking, v. Corbett

*Mark T. Milnor* and *Richard H. Klein,* for plaintiff.
*McNees, Hollinger & Nurick,* for defendant.

Fox, J., April 29, 1935.—We have before us a motion to strike off plaintiff's amended statement of claim. Upon this motion a rule was granted upon the plaintiff to show cause why the amended statement of claim should not be stricken from the record, which was returnable in 10 days, all proceedings stayed in the meantime. A motion was made by the plaintiff to strike off the defendant's motion to strike off plaintiff's amended statement of claim.

A number of reasons were set out to sustain the motion first above mentioned. The plaintiff brought a suit in assumpsit against the defendant who was a stockholder in the bank for the full amount of the par value of the shares of stock held by the defendant, the number of shares being 16 and the par value of each share $50, making a total claim of $800. The statement, amongst other things, in substance avers that the North Branch Bank and Trust Company of Sunbury, which is now in the hands of the Secretary of Banking of the Commonwealth of Pennsylvania, liquidator, is the holder of 664 shares of stock of the Farmers and Mechanics Bank and that by reason of the insolvency of the said trust company nothing will be paid by the receiver, on an assessment upon the stock held by the said trust company and

therefore it will be necessary to assess the stockholders of the Farmers & Mechanics Bank at the full rate of 100 percent upon the par value of the shares of stock held by them to raise a sufficient amount to meet the deficiencies of the liabilities of assets of the latter company.

The defendant in his motion to strike off the plaintiff's amended statement of claim sets forth a number of reasons for so doing. Argument was had and since that date a stipulation has been filed with the court by the attorneys for the plaintiff and the defendant, which stipulation is as follows:

"It is agreed by and between counsel for the parties in the above case, that the only question which shall be regarded as involved and before the court for its consideration, on the motion of the defendant to strike off the amended statement of claim of the plaintiff, is the following:

"The construction of that part of section 5 of the Act of May 13, 1876, P. L. 161, which reads as follows:

" 'The shareholders of any corporation formed under this act, shall be individually responsible, *equally and ratably, but not one for the other*, for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares.' (Italics supplied.)

"All other objections set forth in the motion to strike off shall be deemed as waived, without prejudice to the right of the defendant to raise any and all defenses and objections which may be proper, at any subsequent proceedings in this case."

In a prior opinion in this case disposing of the questions of law raised by an affidavit of defense, upon this particular question now before us, we said: "It was argued before the court by counsel for the plaintiff, that some of the stockholders may be insolvent and the assessment against them may be uncollectible, therefore the receiver has the right to call upon the defendant for pay-

ment to the full amount of his stock at the par value thereof. It is clear from the above quoted act of assembly that this cannot be done."

We did not at that time go into an exhaustive search for authorities upon the subject; the language seemed so plain and clear to us that we did not regard it as necessary. The question being raised again and because of its importance, because of many bank failures and their liquidation, we shall now go into it more fully. By the aid of a very excellent brief from the hands of counsel for the defendant we are reinforced in what we before said with authorities and are pointed to none by counsel for the plaintiff, nor do we find any, to the contrary.

The leading case upon the subject is that of United States v. Knox, 102 U. S. 422.

The first Federal Banking Law was passed on February 25, 1863, 12 Stat. at L. 665. The last clause of section 12 of that act reads as follows:

"For all debts, contracted by such association for circulation, deposits, or otherwise, each shareholder shall be liable to the amount, at their par value, of the shares held by him in addition to the amount invested in such shares."

By the Act of June 3, 1864, 13 Stat. at L. 99, 102, this provision was changed to read as follows:

The shareholders of every national banking association "shall be held individually responsible, *equally and ratably, and not one for another*, for all contracts, debts, and engagements of such association to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares". (Italics supplied.)

In the Knox case, supra, the court said:

"By the common law the individual property of the stockholders was not liable for the debts of the corporation under any circumstances. Here the liability exists by virtue of the statute and the assent of the corporators to its provisions, given by the contract which they en-

tered into with Congress in accepting the charter. With respect to the character of that liability, it is entirely clear from the language employed in creating it, that it is several and cannot be made joint, and that the shareholders were not intended to be put in the relation of guarantors or sureties, 'one for another', as to the amount which each might be required to pay.

"In the process to be pursued to fix the amount of the separate liability of each of the shareholders, it is necessary to ascertain, 1, the whole amount of the par value of all the stock held by *all the shareholders;* 2, the amount of the deficit to be paid after exhausting all the assets of the bank; 3, then to apply the rule that each shareholder shall contribute such sum as will bear the same proportion to the whole amount of the deficit as his stock bears to the whole amount of the capital stock of the bank at its par value. There is a limitation of this liability. It cannot in the aggregate exceed the entire amount of the par value of all the stock.

"The insolvency of one stockholder, or his being beyond the jurisdiction of the court, does not in any wise affect the liability of another; and if the bank itself, in such case, holds any of its stock, it is regarded in all respects as if such stock were in the hands of a natural person, and the extent of the several liability of the other stockholders is computed accordingly. Crease v. Babcock, 10 Metc. (Mass.) 525.

"These rules have been applied in several well-considered judgments of other courts, where the words we have italicized were not in the statutes upon which they proceeded. We have found no case in conflict with them. See Crease v. Babcock, supra; Atwood v. R. I. Agricultural Bank, 1 R. I. 376; In the Matter of the Hollister Bank, 27 N. Y. 393; Adkins v. Thornton, 19 Ga. 325; Robinson v. Lane, id. 337; Wiswell v. Starr, 48 Me. 401. See also Morse on Banking, 503."

It is to be observed that this case holds that the rule

applies even though the insolvent shareholder is a banking institution and not an individual.

Subsequently, in section 23 of the Federal Reserve Act of December 23, 1913, 38 Stat. at L. 273, which referred to the individual liability of shareholders, the words "equally and ratably, and not one for another" were omitted. It was then held by a district court that this omission changed the preëxisting law: First National Bank v. First National Bank, 14 F. (2d) 129 (District Court of Kansas, 1926).

The decision in the Knox case has been uniformly followed by the courts of the various States.

In Maine Trust and Banking Co. v. Southern Loan and Trust Co. et al., 92 Me. 444, 43 Atl. 22 (Supreme Court of Maine, 1899), the court said: "That liability will not be increased if any stockholder shall prove insolvent or beyond the reach of process." See also Union National Bank of Omaha v. Halley et al., 19 S. D. 474, 104 N. W. 213 (Supreme Court of South Dakota, 1905); Barth et al. v. Pock et al., 51 Mont. 418, 155 Pac. 282 (Supreme Court of Montana, 1915); Swicord v. Crawford et al., 148 Ga. 719, 98 S. E. 343 (Supreme Court of Georgia, 1919).

The late cases on the subject have held consistently to this rule. In Schwenker v. Bekkedal et al., 204 Wis. 546, 236 N. W. 581 (Supreme Court of Wisconsin, 1931), the court used the following language (pp. 550, 551):

"The language 'equally and ratably, not one for another', first appears in section 39, subch. II, c. 234, Laws of 1903. Therefore the statute, sec. 2024, sub. 47, Stats. of 1898, read that the stockholders should be individually responsible to the amount of their shares for all the bank's indebtedness and liabilities of every kind. This was the language of the statute when Rehbein v. Rahr, 109 Wis. 136, 85 N. W. 315, the last decision of the court upon the point of stockholders' liability, was decided, which held that such liability extended, up to the par

value of the stockholders' shares, to the full amount of all debts of the bank.

"The words 'equally and ratably, not one for another', in the present statute, were manifestly taken from the National Bank Act, Rev. Stat. U. S. sec. 5151 [12 USC §63]. The words quoted were construed by the United States Supreme Court in U. S. ex rel. Citizens' Nat. Bank v. Knox, 102 U. S. 422, [26 L. Ed. 216], to mean as appellants contend and the trial court concluded. The opinion in the Knox Case states (p.) 425 [of 102 U. S.], that to fix the amount of a stockholder's liability it is necessary to ascertain (1) the total par value of all stock held by all stockholders; (2) the amount of the deficit; (3) and then hold the stockholder for such proportion of the deficit as his stock bears to the total stock held by all stockholders. It is there further stated that 'the insolvency of one stockholder, or his being beyond the jurisdiction of the court, does not in any wise affect the liability of another.' By a familiar rule of construction, in taking over the statute the legislature took it with the meaning given to it by the United States Supreme Court before its enactment. But if it be not literally true that the 1903 provision was taken from the National Bank Act, its language must be construed as the United States Supreme Court construed it. It permits of no other construction taking it by itself. And if the language was not taken from the United States statute, it was doubtless taken from the statute of some other state, and the courts of all states having a statute with such language that have construed it have construed it as did the United States Supreme Court. In re Hollister, 27 N. Y. 393 [84 Am. Dec. 292]; Coyle v. Taunton S. D. & T. Co., 216 Mass. 156, 103 N. E. 288, 290; Gamewell Fire Alarm T. Co. v. Fire & Police T. Co., 116 Ky. 759, 76 S. W. 862, 866; Maine Trust & B. Co. v. Southern Loan & T. Co., 92 Me. 444, 43 Atl. 24, 26. Similar language is construed the same in Crease v. Babcock, 10 Met. (Mass.) 525, 555, and Wiswell v. Starr, 48 Me. 401."

In Dorman, etc., v. Adams, 247 Ky. 678, 57 S. W. (2d) 534 (Court of Appeals of Kentucky, 1932), it appears that a Kentucky statute provided: "Stockholders in banks . . . shall be liable equally and ratably, and not one for the other, for all contracts and liabilities of such corporation to the extent of the amount of their stock at par value, in addition to the amount of such stock."

There was also another statute which read precisely the same, except that the word "liable" was omitted and the words "individually responsible" were inserted. The court interpreted both statutes in conformity with the decisions hereinbefore cited. The following excerpt from the court's opinion is interesting on this point (p. 684):

"So far as the liability of the individual stockholder is concerned, the language of these sections is so clear and explicit as to exclude all doubt as to their meaning. Under either or both sections, every stockholder in a bank is responsible for the double liability, but the liability is several and individual, and they should be assessed and required to pay equally and ratably, but not one for the other. For example, if in this instance the liabilities should exceed the assets by $150,000 (the capital stock being $200,000), a 75 per cent. assessment would be necessary, and each holder of one share would be assessed and required to pay 75 per cent. of the par value of his share, or $75, and this without regard to *whether other stockholders were insolvent or for any reason* failed to pay their assessment." (Italics supplied.)

Wherefore we are of the opinion that the motion should be sustained and the plaintiff's amended statement of claim stricken off.

And now, April 29, 1935, upon due consideration, it is hereby ordered, adjudged and decreed that the rule be made absolute and the plaintiff's amended statement be stricken off.