## Gordon, Secretary of Banking, v. Dodge

*Richard H. Klein*, for plaintiff.

*Cummings & Gubin* and *F. B. Moser*, for defendant.

JAMES, P. J., fifty-seventh judicial district, specially presiding, July 24, 1935.—The questions here involved were raised by defendant's affidavit of defense raising questions of law to plaintiff's amended statement of claim. The plaintiff, before the institution of this action, became, and still is receiver of Farmers and Mechanics Bank of Northumberland, Northumberland County, Pennsylvania, which was a State bank incorporated under the Banking Act of May 13, 1876, P. L. 161. The plaintiff also became and still is receiver of the North Branch Title & Trust Company of Sunbury, Northumberland County, Pennsylvania, a trust company incorporated under the General Corporation Act of April 29, 1874, P. L. 73.

Plaintiff's statement shows that the Secretary of Banking, after taking possession of both banks, found these banks to be insolvent and decided that it was necessary to make an assessment against the stockholders of the

Farmers and Mechanics Bank, which was incorporated under the Banking Act of May 13, 1876, P. L. 161.

The outstanding common stock of the Farmers and Mechanics Bank consisted of 1,500 shares, of a par value of $50 each, of which the defendant was the holder of five shares.

Of the 1,500 shares of the outstanding common capital stock of the Farmers and Mechanics Bank, the North Branch Title and Trust Company was the holder of 664 shares. The Secretary of Banking found, as shown by his accounts filed, that there would be no assets of the North Branch Title and Trust Company for the payment of any assessment liability on the stock of the Farmers and Mechanics Bank of Northumberland, and that any assessment against the North Branch Title and Trust Company stockholders is wholly and definitely uncollectible.

A number of reasons were assigned in the affidavit of defense in the effort of defendant to show that plaintiff's amended statement is insufficient in law and should be stricken off. Upon the argument of the case and the briefs filed by both sides, it appears that the main objection of defendant is to paragraph 20 of plaintiff's amended statement, wherein the plaintiff sets forth the available amount of assessment against the stockholders of the Farmers and Mechanics Bank, and deducts the assessable amount on 664 shares of the North Branch Title and Trust Company, the effect of which is to compel the shareholders of the Farmers and Mechanics Bank to pay the assessment on the North Branch Title and Trust Company, no part of which the latter bank can pay. The plaintiff therefore avers that the defendant is liable to assessment on his stock under the Act of May 13, 1876, P. L. 161, and the several amendments and supplements thereto, as well as the Banking Act of June 15, 1923, P. L. 809, with its several amendments and supplements, and the Banking Code of May 15, 1933, P. L. 624, to the amount of $250, which is a 100-percent assessment on the stock of the defendant.

The question raised calls upon us to construe section 5 of the Act of May 13, 1876, P. L. 161, and the amendments and supplements thereto. The said Act of 1876, sec. 5, reads as follows:

"The shareholders of any corporation formed under this act, shall be individually responsible, *equally and ratably, but not one for the other*, for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares." (Italics supplied.)

It is conceded on all sides, in view of the unanimous decisions construing the Act of 1876, that if this act is still the ruling law the plaintiff cannot recover from shareholders of the Farmers and Mechanics Bank deficiency in collections from the stock of the North Branch Title and Trust Company or of any other insolvent shareholder. We are confronted with plaintiff's theory that the Act of 1876 was changed to such an extent as to make the shareholders of the Farmers and Mechanics Bank 100 percent liable to the amount of the stock of each shareholder, regardless of the insolvency of other shareholders. In support of this contention, plaintiff relies on the Banking Act of May 21, 1919, P. L. 209, section 37 of which provides:

"Whenever the stockholders of a corporation whereof the commissioner shall have taken possession are liable in double the amount of the value of the stock held by them, and the commissioner has determined from his examination of the affairs of the corporation that the reasonable value of its assets is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders to such extent as may be necessary."

Plaintiff admits that the repealing section of the Act of 1919 does not specifically repeal the Act of 1876, but it does provide:

"All other acts of Assembly, or parts thereof, that are in any way in conflict or inconsistent with this act, or any part thereof, are hereby repealed."

It is contended by plaintiff that the words contained in section 37 of the Act of 1919 "to such extent as may be necessary" act as a repeal of the words "equally and ratably, but not one for the other", because they are definitely inconsistent and in conflict with each other.

The Farmers and Mechanics Bank closed October 29, 1931. At that time the Banking Act of June 15, 1923, P. L. 809, was in effect. Section 37 of that act, which is practically the same as section 37 of the Act of 1919, also contains the words "to such extent as may be necessary". There was no change in the law made by the Act of 1923, because section 52 specifically provides that section 53 of the Act of 1919 shall remain in full force and effect, and then provides that all other acts or parts thereof in conflict or inconsistent are repealed.

Our construction of the Banking Act and its several amendments and supplements is that the Act of 1876 has not been changed as far as the liability for assessments of stockholders of an insolvent bank is concerned. We are of the opinion that the Act of 1919 and amendments thereto are more in the nature of administrative provisions, and have not changed the liability of stockholders in the State bank.

The Pennsylvania code was, no doubt, originally a duplicate of the National banking acts. Acts of Congress removed the protection afforded stockholders in National banks by eliminating from the acts of Congress as to liability of stockholders the words "equally and ratably, but not one for the other". However, the Banking Code of Pennsylvania does not specifically eliminate these words, but merely invests the Secretary of Banking with the power to levy an assessment "to such extent as may be necessary". It is true that "necessity is the mother of invention", but it does not follow that the word "necessary" in the act quoted invests the Secretary of Banking with the power of requiring every State bank in this Commonwealth to do what he finds necessary to carry

out the functions of his office, where necessity is restricted by law.

The words in the acts of Congress and of the Act of 1876 of the Assembly of Pennsylvania, "equally and ratably, but not one for the other" could have been easily changed by the legislature in specific words had the legislature seen so fit to do. These are the vital and controlling words of the act, and without them the act has little power to reach the property of individuals. In view of the many decisions of the Federal courts and of our State courts construing these acts, we are unwilling to declare that the rule of law has been changed by implication.

Secretary Gordon, receiver of the Farmers and Mechanics Bank, plaintiff, instituted suits against many of the stockholders of the bank he represents, excepting those who paid the bills of assessment. Various other suits are pending involving the same parties and the same questions. The decision of this action is considered a test case, and because of the importance of the property rights involved in these numerous cases, we have given thorough consideration to the issues involved in this case because of its far-reaching results which will affect all the shareholders of the Farmers and Mechanics Bank of Northumberland.

In support of the discussion of the law and facts of this case as far as the applicability of the Act of May 13, 1876, P. L. 161, is concerned, we refer to the decision of Honorable John E. Fox of the Dauphin County Common Pleas Court, in Gordon, Secretary of Banking, v. Corbett, 24 D. & C. 47, in which he decided that the said Act of 1876 still controls in Pennsylvania. However, plaintiff contends that in the argument of that case, which involved the same banks and the same questions, the Acts of 1919 and 1923 were not presented to and argued before Judge Fox. We are asked to differ with the decision of Judge Fox, because in his decision the questions now argued were not presented to him in view of the Banking Acts of 1919 and 1923. We can see

nothing in these acts which would alter the decision as laid down by Judge Fox, which holds that the Act of 1876 is still in force and is the controlling law in Pennsylvania relating to the liability of stockholders in a bank incorporated under Pennsylvania banking laws. The exhaustive opinion of Judge Fox, covering the history and decision of the Federal and State courts, is, in our opinion, absolutely correct, and we concur in the law as laid down therein.

As to the contention of the plaintiff that the legislation under the Acts of 1919 and 1923 was not presented to Judge Fox in the matters directly concerning the parties here interested, we can see no change in the law casting financial responsibility upon the stockholders of a State bank other than that provided by the Banking Act of 1876.

We can see no reason why the words in the acts passed subsequent to it, "to such extent as may be necessary", in the power and the right to make assessments, act as a repeal of the words "equally and ratably, but not one for the other" contained in the Act of 1876. These provisions are not inconsistent or in conflict with each other but should be construed in the light of the plain meaning of the words and the history of the legislation on this subject.

Of all the legislation on this subject we must stop, as far as the issue is concerned, with the Banking Act of 1923, because this was the act in effect at the time the bank which the plaintiff-receiver represents was closed on October 29, 1931. Therefore the legislation on this subject, adopted in 1933, cannot be invoked. However this recent legislation does not seem to change the Banking Act as far as liability of stockholders is concerned.

Our conclusion is that the legislation subsequent to the Act of 1876 has not changed the legal liability of stockholders in a bank subject to Pennsylvania State jurisdiction, notwithstanding the change in liability of those who venture into the affairs of banks controlled by the Na-

tional Congress. The intent and purpose of the legislature of Pennsylvania in passing banking acts must be viewed with relation to the National banking acts which existed at the time of the Pennsylvania legislation. The National banking acts changed legislation against shareholders of National bank stock. With the entire knowledge of this legislation, the Pennsylvania Assembly proceeded to enact legislation on this subject, which does not coincide in words or purpose with the National acts.

We are therefore of the opinion that a stockholder of a bank organized under the Act of 1876 cannot be made to contribute in the terms of assessment on his own stock to the assessment of another shareholder who is insolvent or from whom an assessment cannot be collected.

We do not propose to herein repeat the wording of the many decisions which support our opinion in the instant case, as did the opinion of Judge Fox in his construction of the Act of 1876. However, we cite the following leading decisions on this subject: United States v. Knox, 102 U. S. 422; Crease et al. v. Babcock et al., 10 Metc. (Mass.) 525; Atwood et al. v. Rhode Island Agricultural Bank et al., 1 R. I. 376; In re Hollister Bank of Buffalo, 27 N. Y. 393; Adkins v. Thornton, 19 Ga. 325; Robinson v. Lane, 19 Ga. 337; Wiswell v. Starr, 48 Me. 401.

It is plain under the decisions that the rule applies even though the insolvent shareholder is a banking institution.

See also, First National Bank v. First National Bank et al., 14 F. (2d) 129 (Kansas); Bean v. Maine Water Co., 92 Me. 469, 43 Atl. 22; Union National Bank of Omaha v. Halley et al., 19 S. D. 474, 104 N. W. 213; Barth et al. v. Pock et al., 51 Mont. 418, 155 Pac. 282; Swicord v. Crawford et al., 148 Ga. 719, 98 S. E. 343; Schwenker v. Bekkedal et al., 204 Wis. 546, 236 N. W. 581; Rehbein et al. v. Rahr et al., 109 Wis. 136, 85 N. W. 315; Dorman v. Adams, 247 Ky. 678, 57 S. W. (2d) 534.

The foregoing cited decisions have no concern with the Banking Acts of 1919 and of 1923 of Pennsylvania. How-

ever, they do show that up until the time of the passage of these Pennsylvania codes the Act of 1876 prevailed, and we are of the opinion that the Pennsylvania act did not change the Act of 1876 insofar as the liability of stockholders in a State bank is concerned.

The affidavit of defense raising questions of law should therefore be sustained, and plaintiff's amended statement should be stricken off.

And now, July 24, 1935, upon due consideration, it is hereby ordered, adjudged and decreed that plaintiff's amended statement be, and is hereby stricken off.