SWICORD *v.* CRAWFORD *et al.,* receivers.

1. In a suit brought by the receivers of an insolvent bank, chartered under the laws of Georgia since the act of 1893 (Acts 1893, p. 70), against a stockholder thereof upon his statutory individual liability to depositors of the bank (Civil Code of 1910, § 2270), the defendant can not set off the amount of his individual deposits which he had in the bank when it .became insolvent and ceased to operate.

2. Nor can he set off an amount of money which, subsequently to the insolvency and closing of the bank but prior to the commencement of such suit against him, he voluntarily paid to other depositors of the bank to reimburse them for the loss of their deposits.

No. 799. FEBRUARY 13, 1919.

Questions certified by Court of Appeals (Case No. 7787).

*S. P. Cain* and *Little, Powell, Smith & Goldstein,* for plaintiff in error.

*M. L. Ledford* and *Claude Christopher,* contra.

FISH, C. J. The Court of Appeals desires instruction from the Supreme Court upon the following questions:

"1. In a suit brought by the receivers of an insolvent bank, chartered under the laws of Georgia since the act of 1893 (Acts 1893, p. 70), against a stockholder thereof upon his statutory individual liability to depositors of the bank (Civil Code of 1910, § 2270), is the defendant entitled to set off the amount of his own individual deposit which he had in the bank when it became insolvent and ceased to operate?

"2. In such a suit as is referred to in the preceding question, can the defendant set off the amount of money which, subsequently to the insolvency and the closing of the bank but prior to the commencement of the suit against him, he voluntarily paid to other depositors of the bank, to reimburse them for the loss of their deposits?"

The act of the General Assembly, approved December 18, 1894 (Acts 1894, p. 76; Civil Code of 1910, §§ 2247-2250), deals with the individual charter liability of a stockholder in any bank or other corporation. Section 3 of that act (Civil Code of 1910, § 2249) declares such individual liability to be "an asset of such bank or other incorporation, to be enforced by the assignee, receiver, or other officer having the legal right to collect, marshal, and distribute the assets of such failed bank or other corporation." Stockholders in a bank incorporated under the laws of this State since the passage of the act of 1893 (Acts 1893, p. 70) are indi-

vidually liable equally and ratably (and not one for another as sureties) to depositors of said corporation for all moneys deposited therein in an amount equal to the face value of their respective shares of stock." Section 2270 of the Civil Code of 1910 (codified from the act of 1893, supra) is "an implied provision in the charter of every bank incorporated in this State since the passage of the act of 1893." *Crawford* v. *Swicord*, 147 *Ga.* 548, 554 (94 S. E. 1025). Prior to the passage of the act of 1894, supra, the individual liability of a stockholder in a bank or other corporation, under the charter, was not considered an asset of the corporation, and the earlier decisions of this court are to the effect that an assignee or receiver of the corporation could not enforce such charter liability. Only the creditor of the corporation in whose favor such liability was created was held to have the right to assert the same. *Lane* v. *Morris*, 8 *Ga.* 468 (7). It necessarily followed that where a stockholder, prior to the filing of a suit against him, had voluntarily discharged debts of the corporation equal in amount to his statutory liability, he could not be compelled to pay anything more, at the instance of a creditor whose claim remained unsatisfied. *Lane* v. *Harris*, 16 *Ga.* 217; *Robinson* v. *Bank of Darien*, 18 *Ga.* 65; *Jones* v. *Wiltberger*, 42 *Ga.* 575. It also resulted that "a bona fide judgment debt of a stockholder against the company in which he holds stock may be set off by him in equity against a suit to make him individually liable in proportion to his stock." *Boyd* v. *Hall*, 56 *Ga.* 563 (2). In each of the cases cited the court, upon a construction of the particular statute involved, reached the conclusion that the liability imposed by charter upon the stockholder was not an asset of the corporation; at least this is the basis of the decision in each case. In *Lamar* v. *Taylor*, 141 *Ga.* 227, 235 (80 S. E. 1085), Mr. Justice Lumpkin, referring to the statutory liability of stockholders as affected by the act of 1894, said: "We think there can be no doubt that, under the terms of this act, the right to bring suit on such liability was conferred on a receiver, where one was appointed. It did not change the fact that the recovery was for the benefit of depositors, or alter the extent of the liability; but, instead of having numerous suits to enforce the statutory liability which might exist on the part of stockholders, it provided for collecting and disbursing the recovery through one agency of the law." To

the same effect see *Moore* v. *Ripley,* 106 *Ga.* 556 (32 S. E. 647); *Harris* v. *Taylor,* 148 *Ga.* 663 (97 S. E. 86). As pointed out, the act of 1894 was remedial in character, and provided for the enforcement of such statutory liability and for the disbursement of the fund thus collected in accordance with equitable principles. In other words, the statutory individual liability of stockholders to depositors in a bank, upon the insolvency of the bank, becomes a trust fund to be administered, it is true, in favor of a particular class of creditors: depositors. It results from the application of this doctrine, which must be applied to such liability in view of the act of 1894, that a stockholder, when sued by the receivers of an insolvent bank chartered under the laws of this State since the act of 1893, upon his statutory liability to depositors, can not set off the amount of his own individual deposits which he had in the bank when it became insolvent and ceased to operate; nor can he in such suit set off the amount of money which, subsequently to the insolvency and the closing of the bank but prior to the commencement of the suit against him, he voluntarily paid to other depositors of the bank to reimburse them for the loss of their deposits. At most he is merely subrogated to the rights of such depositors. The effect of the act of 1894, declaring such liability to be an asset of the corporation, is to cut off the right of the stockholder in a "failed" corporation to prefer one depositor above another, and therefore to deny such stockholder, who is also a depositor, the right of set-off in a suit by the receiver of such "failed bank" to enforce the statutory liability. The statutory liability of the stockholder is therefore to be considered as upon the same basis as any other asset belonging to the corporation, and must be enforced and distributed according to the equitable rules discussed above. See 2 Morse on Banks and Banking (5th ed.), §§ 696 et seq.; 1 Bolles on Law of Banking, § 31.

*All the Justices concur.*