## In re MANLEY.

District Court, N. D. Georgia. September 7, 1927.

No. 12055.

Bankruptcy ⬅154—Liability of bankrupt as stockholder of insolvent state bank held not subject of set-off against note due him from bank (Bankruptcy Act, § 68 [11 USCA § 108]).

The liability of a bankrupt as a stockholder in an insolvent state bank cannot under Bankruptcy Act, § 68 (11 USCA § 108), be set off against the liability of the bank to his estate on a note, where under the law of the state, his liability as a stockholder is to the superintendent of banks for the benefit of depositors only, and not of general creditors; the two debts not being between the same parties in the same rights and capacities.

In Bankruptcy. In the matter of W. D. Manley, bankrupt. On review of order of referee. Modified.

Dorsey, Brewster, Howell & Heyman, of Atlanta, Ga., for trustee.

Carl N. Davie, of Atlanta, Ga., Orville A. Park, of Macon, Ga., and C. S. Reid, of Gainesville, Ga., for petitioner.

SIBLEY, District Judge. I think the liability to depositors of a stockholder in an insolvent bank cannot be set off against a note due him by the bank, though the stockholder be also insolvent. Section 68 of the Bankruptcy Act (11 USCA § 108) permits and requires the set-off of mutual debts and credits; that is, those between the same parties, in the same rights and capacities. Collier on Bankruptcy (13th Ed.) 1607. Under similar language of the former Bankruptcy Act (14 Stat. 517), a stockholder's debt for an unpaid stock subscription could not be offset by a note due him, made by the corporation. The peculiar status of the capital stock was thought to make the subscription a thing apart, though the corporation and all its creditors were interested equally in both debts. Sawyer v. Hoag, 17 Wall. 610, 622, 21 L. Ed. 731.

Notwithstanding the Georgia legislation of 1894 (Acts 1894, p. 76), substantially repeated in that of 1919 (Acts 1919, p. 190, art. 18, § 7), which speaks of the stockholders' liability to depositors as "assets of such bank to be enforced only by and through the superintendent of banks," the fund collected belongs to the depositors only, and the superintendent acts as their trustee. It is treated as an asset in its collection, but is such only that far. This liability of the stockholder to the superintendent is not mutual with, and cannot be offset by, the superintendent's liability to the stockholder for a deposit. Swicord v. Crawford, 148 Ga. 719, 98 S. E. 343.

The bank's note would make no better case for a set-off. The point is that the superintendent, in respect of paying a deposit, note, or other obligation of the bank, represents the bank's general assets and its general creditors, while in collecting the stockholder's liability to depositors he represents the depositors only, and their special fund. The bank never owned this liability, and could, as a corporation, never have enforced it. The superintendent is acting in two trust capacities, for two different classes of beneficiaries. The rights of the two classes should not be complicated and confused by offset, any more than if they had been represented by separate trustees.

That the stockholder is himself insolvent does not change the matter. If solvent, he would, in general, have to pay the stockholders' assessment and wait for his dividend on his debt against the bank. In the present case, of course, he would look to his security. When he is insolvent, the superintendent may have also to wait for the payment of the assessment, and may have to accept only a dividend upon it. Offsets can be figured only on the administered dividends. The depositors, in respect of the stockholders' liability to them, are given no priority or preference over other creditors of the stockholder. They have no equity over others, which would require that a court of equity should prefer them by decreeing a set-off, not ordinarily permissible.

Let the referee's order be modified, to conform to this judgment.