18673.   Doster *v.* Mobley, superintendent of banks.

Stephens, J.   1. A suit instituted by the superintendent of banks, under authority of the act of August 21, 1922, amending the banking act of this State by providing that suits may be instituted by him in the name of the bank (Ga. L. 1922, pp. 63-65, sec. 7-a), for the purpose of collecting moneys due to a bank taken over by him under authority of the banking act approved August 16, 1919 (Ga. L. 1919, pp. 154-156), may be instituted by him for the bank in his own name as superintendent of banks.

2. It is not essential to the liability of a stockholder in an insolvent banking corporation, for the assessment of his capital stock in the corporation for the benefit of the creditors of the corporation, that the stock stand on the books of the corporation in the name of the stockholder assessed, but such assessment may be made against the real owner, although the stock stands on the books of the corporation in the name of another who has no interest therein. *Harris* v. *Taylor,* 148 *Ga.* 663 (6) (98 S. E. 86); Civil Code (1910), § 2248.

3. The fact that capital stock in a banking corporation has been set aside to a widow as a year's support out of her deceased husband's estate affords no ground for exempting the stock, as the property of the widow, from assessment for the benefit of creditors of the ·bank as an insolvent corporation.

4. The method of collecting an assessment against a stockholder of an insolvent banking corporation by a summary execution issued by the superintendent of banks against the stockholder, as provided in section 20, article 7 of the banking act of this State, approved August 16, 1919, and amended August 26, 1925 (Ga. L. 1919, pp. 154-160; Ga. L. 1925, p. 125, sec. 9), is not exclusive, but is cumulative only. · As assessment so made may be collected by a common-law suit instituted by the superintendent of banks, suing as provided in the sections cited in paragraph 1 above.

5. It is not a condition precedent to the right of the superintendent of banks to maintain a common-law suit to recover an assessment of a stockholder in an insolvent bank that the stockholder be given notice of the assessment as required in section 20, which provides for the collection of the assessment by a summary execution.

6. Under the above rulings the petition of the superintendent of banks, in a suit against the defendant as a stockholder in an insolvent bank, set out a cause of action, and the court did not err in overruling the demurrer interposed.

   *Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*
                    Decided August 30, 1928.

*Hal Lawson,* for plaintiff in error.   *J. H. Dorsey,* contra.