## MOBLEY, Superintendent of Banks, v. ROBINSON.

## In re MANLEY.

Circuit Court of Appeals, Fifth Circuit.
January 24, 1929.

No. 5226.

Foster, Circuit Judge, dissenting.

Carl N. Davie, of Atlanta, Ga., Orville A. Park, of Macon, Ga., and Chas. S. Reid, of Gainesville, Ga., for appellant.

Arthur Heyman and Herman Heyman, both of Atlanta, Ga. (Albert Howell and Mark Bolding, both of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Farmers' & Traders' Bank, a banking corporation under the laws of Georgia, became insolvent, and, as provided by statute, was placed in the hands of appellant as superintendent of banks for liquidation. At about the same time an involuntary petition in bankruptcy was filed against the bank's president, W. D. Manley, and he was subsequently adjudicated a bankrupt. The bank, while it was yet a going concern, executed its note in the sum of $20,000, payable to W. D. Manley & Co., Incorporated, and pledged notes of its customers as collateral security. Prior to its failure the bank paid $5,000 on this note. In the bankruptcy proceedings the

title to the note was asserted both by Manley's receivers and by Manley & Co. The claim of the receiver was finally upheld, on the ground that Manley & Co. was not in reality a corporation, but was a trade-name used by the bankrupt for the purpose of concealing his assets.

Pending that controversy, the collateral that had been pledged to secure the bank's note was turned over to appellant for collection, upon condition, however, that appellant remit the proceeds to the supposed corporation. Appellant realized out of the collateral security more than enough to pay the note in full. The stockholders of the bank were assessed $100 per share on their stock. The assessment against Manley was $3,800, as he owned 38 shares. Appellant filed a petition in the bankruptcy court, in which he asked that, in settling the accounts between himself and Manley's trustee in bankruptcy, he be allowed to deduct from the amount due by the bank on its note the amount of the stock assessment against Manley, and to pay the balance to the trustee. But the District Judge, being of opinion that the debts of the bank and of the bankrupt were not mutual, held that the right of set-off did not exist.

If the debts of the bank and of the bankrupt were mutual, the right of set-off existed, and appellant should have been ordered to pay only the balance in his hands after deducting the stock assessment. Bankruptcy Act, § 68(a), 11 USCA § 108(a). Under the Georgia Banking Law, the stockholders of a bank are liable in an amount equal to the face value of the shares of stock owned by them. The liability is declared to be an asset of the bank, and can be enforced only by the superintendent of banks; but it was created for the exclusive benefit of depositors. Park's Code of Georgia, 1922 Supplement, vol. 8, § 2279 (a) and (g).

It is argued that the debts lack mutuality, because the bankrupt's debt, although it became an asset of the bank in the qualified sense that the superintendent of banks was invested by law with authority to collect it, was in reality an asset that belonged exclusively to the depositors. We are of opinion that the debts were mutual. The parties were indebted to each other in the same right. Appellant did not hold the proceeds of the collateral security in trust for the bankrupt, but obtained possession of it under an agreement with Manley & Co. He was excused from compliance with the condition upon which that security was received, upon it being held that the party

from whom he received it had no legal existence. Thereafter he was accountable as for an ordinary debt to the bankrupt through his trustee in bankruptcy.

On the other hand, the bankrupt's debt was to the superintendent of banks, and was not kept from being an asset of the bank by the circumstance that it inured to the depositors. The superintendent of banks is the only person who has the legal authority to enforce any liability to a bank that has failed. It is immaterial that, after an asset is collected, it must be applied to the satisfaction of a lien, or to the payment of debts to creditors in the order of priority prescribed by law. In Sawyer v. Hoag, 17 Wall. 610, 21 L. Ed. 731, it was held that a stockholder of an insolvent corporation could not set off a debt due him by the corporation against his liability as a stockholder, for the reason that the fund arising from the liability for unpaid stock was a trust fund that belonged to all the creditors. If the set-off had been allowed, the stockholder who had not paid for his stock would have received more than his share of the trust fund.

A similar ruling was made in Western Tie & Timber Co. v. Brown, 196 U. S. 502, 25 S. Ct. 339, 49 L. Ed. 571, where it was held that the fund involved was a trust fund. That was a bankruptcy case, and, irrespective of the trust relation, it was held that to allow the set-off would violate section 68(b) of the Bankruptcy Act, because the creditor received the fund within four months before the petition in bankruptcy was filed with knowledge that the creditor was insolvent. It is upon this principle of law that a depositor, who is also a stockholder, of a bank is not permitted to set off his deposit against his statutory liability as a stockholder. Swicord v. Crawford, 148 Ga. 719, 98 S. E. 343.

These just cited decisions are relied on by appellee to sustain the order of the district court; but in our opinion they are inapplicable. The fund in appellant's hands here involved was not held in trust for the creditors of the bank, for in no event would it have been paid to them. It was derived from collateral security pledged to the bankrupt, and was payable only to his trustee in bankruptcy. The bankrupt was not a depositor, but a secured creditor, at least as to that fund. The general creditors of an insolvent bank, while they are entitled to share equally in the deposits therein, subject only to the right of any individual depositor to take credit for any debt he owes the bank, lose nothing by the payment of the full amount due by the bank to a secured creditor. If the secured creditor be also a stockholder, the deduction of the amount for which he is liable as such does not, in our opinion, violate the principle of mutuality.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FOSTER, Circuit Judge, dissents.