(138 So. 551)

## MOBLEY, Superintendent of Banks of Georgia, v. SMITH.

### 7 Div. 805.

Court of Appeals of Alabama.

Oct. 27, 1931.

Rehearing Denied Nov. 24, 1931.

Hardegree & Dempsey, of Ashland, and J. F. Kemp, of Atlanta, Ga., for appellant.

A. L. Crumpton, of Ashland, for appellee.

RICE, J.

The undisputed facts in this case are: That appellant was the superintendent of banks of the state of Georgia; that appellee was a resident citizen of the state of Alabama, but was a stockholder in the bank of Palmetto, a bank organized and situated in the state of Georgia; that the Bank of Palmetto failed, and was surrendered to the superintendent of banks of the state of Georgia; that, upon such occurrence, the duly enacted statutes of the state of Georgia provided that said superintendent of banks might levy an assessment upon the stockholders of said bank to an amount equal to the face value of the stock owned by them; that said superintendent of banks did levy an assessment upon appellee for the amount here sued for, which was the amount of the face value of the stock owned by him in the Bank of Palmetto; that the superintendent of banks of the state of Georgia was authorized to collect the assessments levied as hereinabove described; that a special statutory method was provided for the collection of same in the state of Georgia, different from any method known to the laws of our state; that, said method failing in this instance, due to the fact that appellee owned no property in the state of Georgia, this suit at law was instituted by appellant in the court from which this appeal comes; that due proof was made of the existence of valid statutes of the state of Georgia authorizing the things hereinabove referred to, other than the institution of this suit in this state.

■ All the facts stated above being uncontroverted, the appellant was due to have given to the jury at his request the general affirmative charge to find in his favor.

Appellee's plea of set-off, regardless of any other consideration, failed as a matter of fact. He had no money on deposit in the defunct bank in question, at the time of its failure, according to his own testimony.

■ A "cause of action" is defined, as accurately as by any other definition we know, by the statement that it "means merely an averment of facts sufficient to justify a court in rendering a judgment." Words and Phrases, Third Series, vol. 1, page 1073; Vickers v. Vickers, 45 Nev. 274, 199 P. 76, 202 P. 31, 32. So, when the superintendent of banks of the state of Georgia levied the assessment against appellee for the amount equal to the amount of stock owned by him,

said superintendent thereby and thereon owned a "cause of action" against appellee. And, by the express terms of the statute law of our state (Code 1923, § 5681), he was within his rights in instituting the present suit.

For the error in refusing to give the general charge, duly requested, to find in appellant's favor, the judgment is reversed and the cause remanded. See Doster v. Mobley, 38 Ga. App. 508, 144 S. E. 385; Hall et al. v. Milligan, 221 Ala. 233, 128 So. 438, 69 A. L. R. 618; Sections 2270, 2249, Vol. 2, Park's Annotated Civ. Code of Georgia; section 20 of article 7 of Banking Acts of the state of Georgia, in pamphlet form, approved August 16, 1919, as amended in August 1920, 1922, 1924, and 1925.

Reversed and remanded.