MOBLEY, SUPERINTENDENT OF BANKS,
v. HIBERNIA BANK & TRUST CO.

———

(March 7, 1932. Opinion and Decree.)

———

Arthur J. O'Keefe, Jr., Leon Davidson and Walter W. Wright, of New Orleans, attorneys for plaintiff, appellant.

Quintero & Ritter, Henry & Cooper and A. M. Suthon, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. A. B. Mobley, as superintendent of banks of the state of Georgia, brings this action against the Hibernia Bank & Trust Company, as tutor of the minor William W. Wilkins, Jr., to recover the sum of $1,000 and for recognition and maintenance of an assessment he levied against the minor as the owner of certain bank stock, and the execution he issued thereunder.

The petition alleges that the minor's mother was the owner of ten shares of the capital stock of the Citizens' Bank of Waynesboro, Georgia, having a par value of $100 each; that the minor, upon the death of his mother, was recognized as her sole and only heir by the civil district court of New Orleans, and thereby became the owner of the stock; that the Citizens' Bank of Waynesboro, Georgia, is insolvent, and that plaintiff, as superintendent of banks of the state of Georgia, has full charge and control of the liquidation of its affairs; that, in accordance with the laws of the state of Georgia, particularly the

Banking Statute of the state, approved August 16, 1919 (Laws Ga. 1919, p. 135), and the amendments thereof approved August 14, 1920 (Laws Ga. 1920, p. 102), and August 26, 1925 (Laws Ga. 1925, p. 119), plaintiff, as superintendent of banks of the state of Georgia, levied a 100 per cent. assessment of the par value of the stock for the benefit of the depositors and issued execution against the Hibernia Bank & Trust Company, as tutor of the minor, for the sum of $1,000, with 7 per cent interest from February 1, 1930; and that copies of the notice of assessment and the execution were annexed to and made a part of the petition.

Defendant excepted to plaintiff's petition on the ground "that the plaintiff herein is without any right or authority or capacity to stand in judgment as plaintiff herein or to prosecute this suit" because he is without extraterritorial power.

There was judgment in favor of defendant maintaining the exception and dismissing the suit and plaintiff appealed.

At the outset we note that plaintiff claims the right to bring this suit solely and only by virtue of the office which he holds as superintendent of banks of the state of Georgia under its banking laws.

Now it is well settled that executors, administrators and receivers appointed by courts of other states, without bringing ancillary proceedings in the courts of this state, have no power of administration in this state and cannot maintain an action or stand in judgment in our state courts. Henderson's Heirs v. Rost, 15 La. Ann. 405; Burbank v. Payne, 17 La. Ann. 16, 87 Am. Dec. 513; Mason, Administrator, v. Executors of Haller Nutt, 19 La. Ann. 41;

Agee v. Brent, 132 La. 821, 61 So. 837; Hale v. Allinson, 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380; Sterrett v. Second National Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135; McCullough v. Scott, 182 N. C. 865, 109 S. E. 789; Finney v. Guy, 189 U. S. 335, 23 S. Ct. 558, 47 L. Ed. 839.

But it is contended by plaintiff that the superintendent of banks of the state of Georgia is more than an ordinary administrator, executor, or receiver who are merely officers of the court without title to the assets which they administer, because he is a quasi assignee for the benefit of the depositors of the insolvent bank and has title to the funds as such.

The general law on the subject is stated in 46 C. J., sec. 288, page 1032, verbo "Officers," as follows:

"Extraterritorial Power. When the law confers upon a person powers that he, as a natural person, does not possess, that power cannot accompany his person beyond the bounds of the sovereignty which has conferred the power, and although the Legislature may require certain official acts to be done beyond the state's limits, such acts are done by its express permission and the power cannot be implied." See, also, R. C. L., volume 11, page 432.

In the case of Moore v. Mitchell, 281 U. S. 23, 50 S. Ct. 175, 74 L. Ed. 673, the Supreme Court of the United States in effect held that the treasurer of Grant county, Indiana, had no authority or right to bring a suit in the state court of New York, the court saying:

"Petitioner claims only by virtue of his office. Indiana is powerless to give any force or effect beyond her own limits to the act of 1927 purporting to authorize this suit or to the other statutes empowering and prescribing the duties of its officers in respect of the levy and collection of taxes. And, as Indiana laws are the sole

source of petitioner's authority, it follows that he had none in New York. Mechem, Public Offices and Officers, sec. 508; McCullough v. Scott, 182 N. C. 865, 873, 109 S. E. 789. He is the mere arm of the state for the collection of taxes for some of its subdivisions, and has no better standing to bring suits in courts outside Indiana than have executors, administrators, or chancery receivers without title, appointed under the laws and by the courts of that state. It is well understood that they are without authority, in their official capacity, to sue as of right in the federal courts in other states. From the earliest time, federal courts in one state have declined to take jurisdiction of suits by executors and administrators appointed in another state."

In Van Tuyl v. Carpenter, 135 Tenn. 629, 188 S. W. 234, 237, the superintendent of banks of the state of New York, under a statute similar to the one involved in the instant case, sought to enforce an assessment on a Tennessee stockholder. The court, in denying him the right to maintain the suit in his capacity as superintendent of banks, in the absence of special legislative authority to do so, said:

"The right of action, if any, is not in the bank, but in the superintendent of banks. His right is rooted in the statute, but that statute gives him no right to sue in a foreign state. Such vestiture has been held, by the highest authority, an essential prerequisite."

See, also, Great Western Mining & Manufacturing Co. v. Harris, 198 U. S. 577, 25 S. Ct. 770, 49 L. Ed. 1163.

Counsel for plaintiff has not referred us to any case which holds that the plaintiff, as superintendent of banks of the state of Georgia, is a quasi assignee in whom title to the assets of the insolvent bank vests for the benefit of the depositors. In the light of the foregoing authorities it is our opinion that plaintiff is not the quasi as-signee of the assets of the bank in question any more than an administrator, executor or receiver would be considered as the quasi assignee of the assets of the estate which they represent and administer.

Plaintiff also failed to introduce in evidence any statute of the state of Georgia which vests title to the assets of a defunct bank in him or gives him special authority to sue and stand in judgment in the courts of a foreign state. In fact, the banking laws of Georgia have not been filed or offered in evidence or even annexed to the petition of plaintiff. Under the circumstances, there is nothing before the court to show that the Georgia superintendent of banks has authority to bring this suit, and since there is no authority in any state officer in Louisiana to bring a suit of this nature (Act No. 250 of 1928, sec. 19) against a stockholder of our state banks, it must be presumed that such authority has not been granted to plaintiff under the laws of the state of Georgia.

In the recent case of Taylor, Bank Examiner, v. Terzia, 171 La. 1046, 132 So. 781, 783, our Supreme Court said:

"Counsel for the plaintiff cite two decisions of the Supreme Court of Arkansas, which they contend support plaintiff's position that the action of state bank commissioner in levying the assessment on the defendant was conclusive both as to the necessity for and the amount of the call. These decisions are Davis, Bank Commissioner, v. Moore, 130 Ark. 128, 197 S. W. 295, and Aber v. Maxwell, State Bank Commissioner, 140 Ark. 203, 215 S. W. 389. But these decisions were not offered in evidence in the court below, and we cannot regard them as evidence here. The interpretation as well as the language of the laws of a sister state must be proved as a fact in a case; otherwise, we cannot consider such interpretation."

Defendant's exception is levied against plaintiff's right, authority and capacity to maintain this suit and stand in judgment; therefore, unlike the exception of no cause of action, the allegations of the petition are not to be considered as true; consequently, it was incumbent upon plaintiff to introduce in evidence the law of Georgia upon which he relied. Having failed to do so, the decisions of the Georgia and Alabama Supreme Courts cannot be regarded as evidence by this court.

But, even if the decisions of the Georgia Supreme Court, to-wit: Coffin Bros. & Co. v. Bennett, 277 U. S. 29, 48 S. Ct. 422, 72 L. Ed. 768; Sessions v. Bennett, 155 Ga. 193, 116 S. E. 300; Bennett v. Green, 156 Ga. 572, 119 S. E. 620; Doster v. Mobley, 38 Ga. App. 508, 144 S. E. 385; Bennett v. American Bank & Trust Co., 162 Ga. 718, 134 S. E. 781; Crawford v. Swicord, 147 Ga. 552, 94 S. E. 1025, were properly before us, they would have no bearing upon the present case because the question as to the extraterritorial powers of the superintendent of banks of the state of Georgia was not raised there, all of those suits having been brought against parties living in the state of Georgia.

Also, conceding that the Alabama case of Mobley, Superintendent of Banks of Georgia, v. Smith (Ala. Sup.) 138 So. 551, mainly relied upon by plaintiff, was properly before us, it does not appear that the point raised here was considered there. Furthermore, the court found that the cause of action which the superintendent of banks was asserting was one that he had a right to bring under the express terms of the statute of Alabama, Code 1923, sec. 5681.

For the reasons assigned the judgment appealed from is affirmed.