## ROWLAND *v.* WILSON, trustee.

No. 10370. FEBRUARY 2, 1935. REHEARING DENIED FEBRUARY 20, 28, 1935.

*Conneral & Hunter, McLaws, McLaws & Brennan, Gazan, Walsh & Bernstein, Anderson, Cann & Dunn,* and *Lawton & Cunningham,* for plaintiff in error.

*Edward C. Brennan,* contra.

ATKINSON, Justice. The Title Guarantee and Loan Company of Savannah was incorporated by act approved October 17, 1887. Ga. L. 1887, p. 365. The name of the corporation was changed to Peoples Savings and Loan Company, by act approved December 13, 1895. Ga. L. 1895, p. 110. The charter contained the provisions: "That the capital stock of the corporation hereby created shall be one hundred thousand dollars, divided into one thousand shares of one hundred dollars each, and may be increased from time to time, if a majority in interest of the stockholders shall so determine, to any amount not exceeding five hundred thousand dollars; said capital stock shall be paid in at the rate of two dollars per month upon each share, but any holder thereof may pay in any larger amount upon such terms as the by-laws of said corporation shall provide. The stockholders shall be individually liable for the debts or obligations of the corporation to the extent of their unpaid subscriptions which may be due on the stock subscribed for; and in addition thereto the stockholders shall be individually liable for

said debts or obligations, equally and ratably, and not one for another, to the extent of the amount of their stock at the par value thereof." The corporation was adjudged a bankrupt on August 12, 1931. The trustee in bankruptcy instituted an action against named persons, to recover upon their alleged several statutory liabilities as stockholders, amounting to $100 for each share of capital stock owned by them at the time of the bankruptcy; praying also that certain of the defendants who transferred their stock within six months of the bankruptcy be adjudged secondarily liable for the amount of the judgment obtained against the transferee, and for judgment against the said transferors for the same. Helen C. Rowland, one of the defendants, interposed a general demurrer on the grounds (1) that the petition sets forth no cause of action; (2) that it fails to allege that the defendant was a subscriber to the capital stock; (3) that the trustee in bankruptcy is not a party plaintiff. By amendment the grounds of demurrer were so amplified as to attack the original act of incorporation as violative of paragraph 18 of section 7 of article 3 of the constitution, and by charging that at the time of the passage of that statute there was no general law of the State under which the company could be incorporated with the powers and privileges included in the charter. The judge, without passing on the special demurrers, overruled the general demurrer, and the demurrant excepted.

The amending act of 1895 did not purport to affect the above-quoted liability clause. Giving due consideration to the words "and in addition thereto" in the foregoing excerpt, considered in connection with the context, and construing the whole excerpt, by giving to the words employed their ordinary significance, it is clear that the "stockholders" referred to in the second liability clause had reference to those "stockholders" who had originally subscribed for the stock, and did not contemplate the imposition of this liability upon those "stockholders" who by way of succession from the original stockholders became owners of the stock. In this connection see *Reid* v. *DeJarnette*, 123 *Ga.* 787 (51 S. E. 770, 3 Ann. Cas. 1117). In *Latimer* v. *Bennett*, 167 *Ga.* 811 (146 S. E. 762), cited by defendant in error, and other cases where different results have been reached, the charters contained language which differed from that involved in the instant case. The case of *Crawford* v. *Swicord*, 147 *Ga.* 548 (94 S. E. 1025), did not involve construction

244

of a charter of a special corporation such as is now involved. It had reference to the general law of 1893 (Ga. L. 1893, p. 70), adopting a uniform policy with respect to statutory liability of stockholders in banking corporations, which employed language that was not identical with the above-quoted provisions of the special charter in question, and which, as noted in the decision, was remedial in character for protection of depositors as a special class of creditors, and did not require strict construction.

The ruling stated above is controlling of the entire case; and it is unnecessary to rule upon the questions raised as to the constitutionality of the act of 1887, supra.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*